UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ORRESSA CARRUTHERS,                                    **AMENDED**
                                                       **COMPLAINT**

                    Plaintiff,

                                     15 CV 2314
       -against-                                  (SLT)(LB)

CITY OF NEW YORK, MEGAN HADDEN, Individually, and       Jury Trial Demanded
JOHN DOE, Individually (the name John Doe being fictitious,
as the true name is presently unknown),

                    Defendants.

--------------------------------------------------------------------------------X

       Plaintiff ORRESSA CARRUTHERS, by her attorneys, the Leventhal Law Group, P.C.,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ORRESSA CARRUTHERS is a forty-seven year old African American woman residing in Staten Island, New York

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MEGAN HADDEN and JOHN DOE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On April 22, 2012, at approximately 2:00 a.m. plaintiff ORRESSA CARRUTHERS was lawfully operating a motor vehicle in the vicinity of the corner of Broadway and Henderson Avenue, Staten Island, New York, when defendant NYPD police officers MEGAN HADDEN and JOHN DOE stopped CARRUTHERS' vehicle, approached CARRUTHERS and requested her driver's license, registration and insurance card.

13.     CARRUTHERS complied and provided HADDEN with the documents requested.

14.     HADDEN took the documents and walked to her police vehicle.  A short while later, HADDEN returned to CARRUTHERS' vehicle and handed CARRUTHERS her registration and insurance documents.

15.     CARRUTHERS immediately realized that HADDEN did not return her driver's license and stated, in sum and substance, you didn't return my driver's license to me.

16.     In response, HADDEN opened CARRUTHERS' car door and stated get the fuck out of the car.

17.     As CARRUTHERS was attempting to exit the vehicle, HADDEN grabbed CARRUTHERS by her shirt, pulled her out of the vehicle, and ordered CARRUTHERS to turn around.

18.     When CARRUTHERS turned around and faced the vehicle, HADDEN forcefully struck the back of CARRUTHERS neck with her forearm, pushing CARRUTHERS' face against the vehicle.

19.     When CARRUTHERS stated, in sum and substance, what's going on, what's your  problem, HADDEN stated, shut the fuck up you black ghetto bitch.

3

20.     Thereafter, despite lacking probable cause to believe CARRUTHERS committed any crime or offense, HADDEN handcuffed CARRUTHERS, escorted her to a police vehicle, pushed her inside the police vehicle, and transported her to the NYPD's 120th precinct stationhouse.

21.     At the scene of the arrest, the defendant officers did not offer CARRUTHERS any field sobriety tests or tests to determine if CARRUTHERS had any alcohol in her blood.

22.     Upon arrival at the 120th precinct stationhouse, HADDEN escorted CARRUTHERS into the stationhouse.  Before entering the stationhouse HADDEN pulled CARRUTHERS wig off her head.

23.     While CARRUTHERS was imprisoned at the 120th precinct, she repeatedly pleaded with HADDEN to transport her to a hospital for medical attention stating, in sum and substance: I need my medication for my high blood pressure and heart palpitations, my chest is pounding, I feel like my heart is going to pound out of my chest, I feel like I'm going to faint, I feel like I'm going to have heart attack, I don't feel good, I need to go to the emergency room.

24.     HADDEN refused to transport CARRUTHERS to a hospital and stated, in sum and substance: shut the fuck up, just be quiet, you're not going anywhere, just sit down and be quiet.

25.     After requesting medical attention, CARRUTHERS was unreasonably imprisoned for more than twelve hours before other police officers transported CARRUTHERS to Richmond University Medical Center where she received medical treatment.

26.     Defendant HADDEN imprisoned CARRUTHERS until April 23, 2012, when plaintiff was released on her own recognizance following her arraignment in Richmond County

4

Criminal Court on baseless charges filed under docket number 2012RI003841; said charges having been filed based on the false allegations of defendant HADDEN who provided false information and evidence to the Richmond County District Attorney's Office.  Said false information and evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

27.     HADDEN falsely swore in the criminal court complaint, knowing that the complaint would be filed in court against CARRUTHERS, that HADDEN observed CARRUTHERS operating a motor vehicle in an intoxicated condition in that when HADDEN signaled to CARRUTHERS to pull over, CARRUTHERS drove her vehicle up on to the sidewalk, then back off the sidewalk, and then back on the sidewalk; that CARRUTHERS had an odor of alcohol, watery bloodshot eyes, slurred speech, was sagging and had a flushed face; and that CARRUTHERS possessed an open bottle of beer between her legs in her vehicle.  These allegations are entirely false.

28.     HADDEN also falsely swore in a Report of Refusal to Submit to Chemical Test, knowing that said document would be filed against CARRUTHERS in a legal proceeding, that CARRUTHERS: operated a motor vehicle in an intoxicated condition; operated a motor vehicle while impaired by the use of a drug; drove her vehicle on the wrong side of the road and was swerving all over the road; had a strong odor of alcohol; and was incoherent and belligerent. These allegations are entirely false.

29.     HADDEN also falsely alleged to the Richmond County District Attorney's office, knowing that said false allegations would be filed in the criminal proceeding against CARRUTHERS, that CARRUTHERS stated to HADDEN that she had consumed a couple of

beers.  This allegation is also entirely false.

30.     As a result of HADDEN'S false allegations as described above, CARRUTHERS was charged with Driving While Intoxicated (V.T.L. § 1192 (3)) and her driver's license was suspended.

31.     Defendant HADDEN initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against CARRUTHERS for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority.

32.     The prosecution compelled CARRUTHERS to return to Richmond County Criminal Court on fifteen court dates over more than two years.

33.     On May 1, 2014, all charges filed against CARRUTHERS were dismissed and sealed in Richmond County Criminal Court.

34.     Defendant JOHN DOE was present at the scene of CARRUTHERS' arrest and participated in or failed to intervene in the unlawful conduct described herein by defendant HADDEN.

35.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and

engaging in a practice of falsification.

36.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: manufacture false evidence against individuals in a conspiracy to justify their abuse of authority; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

37.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, United States District Judge Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y.).

38.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to

set "productivity goals."

39.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiff ORRESSA CARRUTHERS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto and with the intent to discriminate against plaintiff on the basis of her race.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

8

Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants MEGAN HADDEN and JOHN DOE arrested plaintiff ORRESSA CARRUTHERS, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

49.     Defendants caused plaintiff ORRESSA CARRUTHERS to be falsely arrested and unlawfully imprisoned.

50.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    The level of force employed by defendant MEGAN HADDEN was excessive, objectively unreasonable and otherwise in violation of plaintiff ORRESSA CARRUTHERS' constitutional rights.

53.    As a result of the aforementioned conduct of defendant HADDEN, plaintiff ORRESSA CARRUTHERS was subjected to excessive force and sustained physical and emotional injuries.

54.    As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    Defendant MEGAN HADDEN initiated, commenced and continued a malicious prosecution against plaintiff ORRESSA CARRUTHERS.

57.    Defendant MEGAN HADDEN caused plaintiff ORRESSA CARRUTHERS to be prosecuted without probable cause until the charges were dismissed on or about May 1, 2014.

58.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant MEGAN HADDEN issued criminal process against plaintiff ORRESSA CARRUTHERS by causing her arrest and prosecution in Richmond County Criminal Court.

61.     Defendant MEGAN HADDEN caused plaintiff ORRESSA CARRUTHERS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for her abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

62.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

11

64.     Defendant MEGAN HADDEN created false evidence against plaintiff ORRESSA CARRUTHERS.

65.     Defendant MEGAN HADDEN utilized this false evidence against plaintiff ORRESSA CARRUTHERS in legal proceedings.

66.     As a result of defendant HADDEN's creation and use of false evidence, plaintiff ORRESSA CARRUTHERS suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

67.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendant MEGAN HADDEN engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

70.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendant JOHN DOE had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in her presence by other officers.

73.     Defendant JOHN DOE failed to intervene to prevent the unlawful conduct described herein.

74.     As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was maliciously prosecuted, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

75.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant MEGAN HADDEN falsely arrested, maliciously prosecuted, deprived her of her right to a fair trial, was deliberately indifferent to her medical needs, and subjected

plaintiff ORRESSA CARRUTHERS to excessive force because of the plaintiff's national origin, and/or race.

78.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS was deprived of her rights under the Equal Protection Clause of the United States Constitution.

79.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ORRESSA CARRUTHERS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

14

83.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ORRESSA CARRUTHERS.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ORRESSA CARRUTHERS as alleged herein.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ORRESSA CARRUTHERS as alleged herein.

87.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ORRESSA CARRUTHERS was unlawfully arrested, subjected to excessive force, maliciously prosecuted, and deprived of her right to a fair trial.

15

88.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ORRESSA CARRUTHERS' constitutional rights.

89.     All of the foregoing acts by defendants deprived plaintiff ORRESSA CARRUTHERS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from the failure to intervene;

      E.     To receive her right to fair trial;

      F.     To be free from malicious prosecution;

      G.     To be free from malicious abuse of process; and

      H.     To be free from deliberate indifference to serious medical needs.

90.     As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**<u>Supplemental State Law Claims</u>**

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Within ninety (90) days after the claim herein accrued, plaintiff ORRESSA CARRUTHERS duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law

16

50-e.

93.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

94.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

95.     Plaintiff ORRESSA CARRUTHERS has complied with all conditions precedent to maintaining the instant action.

96.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants MEGAN HADDEN and the CITY OF NEW YORK initiated, commenced and continued a malicious prosecution against plaintiff ORRESSA CARRUTHERS.

99.      Defendants caused plaintiff ORRESSA CARRUTHERS to be prosecuted without probable cause until the charges were dismissed on or about May 1, 2014.

100.    As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

17

**AS AND FOR A ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

101.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.   Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, prosecution, and use of force against plaintiff ORRESSA CARRUTHERS.

103.   Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

104.   As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

105.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest, prosecution, and use of force against plaintiff ORRESSA CARRUTHERS.

107. As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

108. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Plaintiff ORRESSA CARRUTHERS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110. As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth

herein.

112.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

113.    As a result of the foregoing, plaintiff ORRESSA CARRUTHERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 8, 2015

LEVENTHAL LAW GROUP, P.C.
Attorneys for Plaintiff ORRESSA CARRUTHERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600

By:    s/ _____
       JASON LEVENTHAL (JL1067)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ORRESSA CARRUTHERS,

                                   Plaintiff,

                                                   15 CV 2314
                                                   (SLT)(LB)

         -against-

CITY OF NEW YORK, MEGAN HADDEN, Individually, and
JOHN DOE, Individually, (the name John Doe being fictitious,
as the true name is presently unknown),

                                   Defendants,

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600